**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ESPERANZA TOVAR and SIMEON TOVAR, <br><br> Plaintiffs, <br><br> vs. <br><br> RALPHS GROCERY COMPANY, d/b/a FOOD 4 LESS, and KROGER GROUP COOPERATIVE; DOES I through V; and ROE CORPORATIONS VI through X inclusive, <br><br> Defendants. | 2:08-cv-00012-RCJ-PAL <br><br> **ORDER** |

Plaintiff Esperanza Tovar was injured in Defendants' grocery store when a bottle of soda fell to the ground, exploded, and cut her arm. Plaintiffs Esperanza Tovar and her husband, Simeon Tovar, are now suing Defendants for their alleged negligent maintenance of the grocery store and fraud in covering up evidence of the accident. Now before the Court are Defendants' Motion for Summary Judgment (#35) and Motion to Dismiss. (#36). The Court has considered the motions, briefs, pleadings, and oral argument on behalf of all parties and issues the following order. IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED and Defendants' Motion for Summary Judgment is DENIED.

**I.      BACKGROUND**

On August 20, 2007, Plaintiff Esperanza Tovar and her young son visited a Food 4 Less grocery store to do some shopping. (#1, Ex. B at ¶ 5). In the course of her shopping, Plaintiff Esperanza Tovar decided that she wanted to purchase some soda bottles, which were packaged

together in a cardboard tray on one of the aisle's shelves. (*Id.* at ¶ 6; #35, Ex. B, Depo. of Esperanza Tovar, 18:1–25). As she was pulling down the tray, one or more of the glass bottles fell to the ground and exploded. (*Id.*). Upon explosion, some of the glass cut Plaintiff Esperanza Tovar's arm, which began to bleed immediately. (*Id.* at ¶ 7; #35, Ex. B, Depo. of Esperanza Tovar at 19:1–21:23).

Plaintiff Esperanza Tovar is now suing Defendant Ralphs Grocery Company and Defendant Kroger Group Cooperative (collectively, "Ralphs Grocery"), the entities responsible for the Food 4 Less where Plaintiff Esperanza Tovar was injured, for damages related to the injuries that she suffered on August 20, 2007 in the Food 4 Less. (#1, Ex. B). Additionally, Plaintiff Esperanza Tovar's husband, Plaintiff Simeon Tovar, has joined his wife in the lawsuit and is suing for loss of consortium. (*Id.*).

On October 29, 2007, Plaintiffs filed the Complaint in the District Court for Clark County, Nevada, alleging a cause of action for negligence, fraud, and loss of consortium. (#1). On January 3, 2008, Ralphs Grocery removed the lawsuit to federal court pursuant to 28 U.S.C. §§ 1332 and 1441(b). (*Id.*). Ralphs Grocery has now filed a Motion for Summary Judgment as to Plaintiffs' negligence claim (#35) and a Motion to Dismiss Plaintiffs' fraud claim. (#36).

## II.     LEGAL STANDARDS

### A.     Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim,

dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964 (2007). In considering whether the complaint is sufficient to state a claim, a court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.      Motion for Summary Judgment**

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In a summary judgment posture, a court must consider the parties' respective burdens. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.,* 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *see also, Celotex Corp.*, 477 U.S. at 324.

1   When considering a summary judgment motion, a court examines the pleadings, depositions,
2   answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ.
3   P. 56(c). At summary judgment, the judge's function is not to weigh the evidence and determine the
4   truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The
5   evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his
6   favor." *Id*. at 255. But, if the evidence of the nonmoving party is merely colorable or is not
7   significantly probative, summary judgment may be granted. *See id.* at 249–50.

**ANALYSIS**

### III.  MOTION TO DISMISS

The Tovars allege "fraud" for their second cause of action. The Tovars allege that Ralphs Grocery "engaged in intentional conduct to destroy material evidence in an attempt to escape liability for its conduct proximately causing damages to Plaintiff's." (#1, Ex. B at ¶ 18). The Tovars make no other factual allegations as to their fraud claim. Although the Tovars have characterized their second cause of action as one for fraud, it does not appear to fall within the definition of a typical fraud claim, such as fraud in the inducement. Instead, the Tovars appear to be alleging a separate cause of action for the intentional spoilation of evidence.

Nevertheless, the Tovars have agreed to the dismissal of their second cause of action. The Tovars did not file a response to Ralphs Grocery's Motion to Dismiss (#43) and counsel for the Tovars represented at oral argument that the Tovars do not intend to pursue their second cause of action. As a result, the Motion to Dismiss (#36) is GRANTED.

### IV.  MOTION FOR SUMMARY JUDGMENT

Ralphs Grocery's Motion for Summary Judgment is directed at the Tovars' cause of action for negligence. To recover under a negligence theory, a plaintiff must prove four elements: (1) that defendant owed her a duty of care; (2) that defendant breached this duty of care; (3) that the breach

1  was the legal cause of the plaintiff's injury; and (4) that the plaintiff suffered damages. *Doud v. Las
2  Vegas Hilton Corp.*, 109 Nev. 1096, 1100, 864 P.2d 796, 798 (1993).

3    A landowner has an affirmative duty to exercise ordinary care to keep his or her premises in a reasonably safe condition. In the present lawsuit, the Tovars are essentially arguing that Ralphs Grocery, as owners of the property upon which Plaintiff Esperanza Tovar was injured, owed her a duty of care to protect her from any unsafe conditions on their property. In this case, the alleged unsafe conditions are the ripped cardboard tray holding the glass bottles and the placement of that tray on a dangerously high shelf. In *Galloway v. McDonalds Restaurants*, 102 Nev. 534, 728 P.2d 826 (1986), the Nevada Supreme Court stated that the following jury instruction "embodies the law in Nevada as to the duty of landowners":

> An owner or occupant of land must exercise ordinary care and prudence to render the premises reasonably safe for the visit of a person invited on his premises for business purposes. An owner or occupant of land *who knows, or in the exercise of reasonable care should know*, of their dangerous and unsafe condition, and who invites others to enter upon the property, owes to such invitees a duty to warn them of the danger, where the peril is hidden, latent, or concealed, or the invitees are without knowledge thereof.

*Id.* at 537 (emphasis added).

Unless the landowner creates the dangerous condition, the landowner must have actual or constructive notice of the unsafe condition on the landowner's property. If not, the landowner is obviously not in a position to take measures to render his or her premises safe for any person visiting the landowner's property. *See Asmussen v. New Golden Hotel Co.*, 80 Nev. 260, 262, 392 P.2d 49 (1964) (stating that in a negligence cause of action for slip and fall cases, liability may exist "if the condition was created by the proprietor or his agent or, if created by another, the proprietor had actual or constructive notice of its existence.").

Ralphs Grocery argues that there is no evidence in the record to indicate that Ralphs Grocery or its employees had actual or constructive notice of the allegedly dangerous condition, namely a rip in the cardboard tray that held the glass soda bottles or that said tray was placed dangerously high

on a shelf. However, in addition to the notice issue, the Tovars can present a case by showing that Ralphs Grocery, or its employees, actually created the allegedly dangerous conditions that injured Plaintiff Esperanza Tovar.

The evidentiary mountain in this case is no Mount Everest. Despite having enjoyed ample time to conduct discovery, the Tovars have accumulated little evidence to support their case. Nevertheless, they have produced sufficient evidence to create a genuine issue of material fact as to whether Ralphs Grocery was responsible for actually creating the allegedly dangerous condition by ripping the cardboard box holding the glass bottles. Deposition testimony has confirmed that Food 4 Less employees unload the groceries from the trucks when they arrive at the store, that they break up the pallets, and then stock the pallets in the proper aisles inside the store. (#35, Ex. A, Depo. of George Beltran, at 23–27). Plaintiff Esperanza Tovar testified that she saw multiple rips in the cardboard box that she tried to pull into her cart. (#35, Ex. B, Depo. of Esperanza Tovar, at 18–19). When read in conjunction with each other, these two sets of testimony create circumstantial evidence that Food 4 Less employees created the allegedly dangerous rips in the cardboard box that Plaintiff Esperanza Tovar tried to pull.

This Court acknowledges that other explanations may exist for the rips in the box. Other customers may have initially intended on purchasing the same box that injured Plaintiff Esperanza Tovar, placed it in their cart, ripped the box, and then had a change of mind and placed the damaged box of soda back onto the shelf. Nevertheless, the Tovars have proffered sufficient evidence to also suggest that Food 4 Less employees actually ripped the box and then stocked it in that condition. The issue of material fact necessary to defeat summary judgment "is not required to be resolved conclusively in favor of the party asserting its existence[.]" *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). Rather, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id. See also*, *Anderson*, 477 U.S. at

248–49.  Based upon the testimony cited above, there are two versions of the story.  The Tovars argue that Food 4 Less employees created the dangerous rip in the cardboard box and placed that ripped box on a high shelf.  Ralphs Grocery argues that its employees did no such thing and that either Plaintiff Esperanza Tovar, her son, or some other third party created the dangerous condition, if there was any dangerous condition at all.  There is evidence to support both versions of the story.  The truth of this matter can be more appropriately resolved at trial.

The Tovars also argue that there is a genuine issue of material fact as to Ralphs Grocery's negligence based upon Ralphs Grocery having constructive notice of the allegedly dangerous condition and the Tovars also argue liability under the doctrine of res ipsa loquitur.  The Court questions the merit of these latter arguments.  Nevertheless, because the Court has decided that the Tovars have raised a genuine issue of material fact as to whether Ralphs Grocery actually created the allegedly dangerous condition, the Tovars have proffered sufficient evidence to preclude summary judgment.  Thus, the Court need not decide the applicability or relevance of res ipsa loquitur or the constructive notice argument at this time.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is GRANTED (#36) and Defendants' Motion for Summary Judgment (#35) is DENIED.

Dated: April 20, 2009

Robert C. Jones
United States District Judge